**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2638-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PRATYUSH BHAGAT,

    Defendant-Appellant.

_____

Argued February 12, 2018 — Decided July 16, 2018

Before Judges Sabatino and Whipple.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Indictment
Nos. 09-08-1291 and 10-02-0300.

Michael S. Allongo argued the cause for
appellant (The Allongo Law Firm, LLC,
attorneys; Michael S. Allongo, on the brief).

Nancy A. Hulett, Assistant Prosecutor, argued
the cause for respondent (Andrew C. Carey,
Middlesex County Prosecutor, attorney; Nancy
A. Hulett, of counsel and on the brief).

PER CURIAM

Defendant Pratyush Bhagat appeals from the January 13, 2017 order denying reconsideration of his petition for post-conviction relief (PCR).  For the reasons that follow, we affirm.

Defendant was born in India and is not a citizen of the United States.  He was a lawful resident of this country with a visitor's visa and later obtained a student visa while attending college.

In two separate indictments, defendant was charged with nine controlled dangerous substance (CDS) possession or distribution counts: seven stemming from an April 2009 arrest and two from a January 2010 arrest that occurred while he was out on bail.

Defendant initially retained a lawyer to represent him in these matters.  After defendant was denied admission to drug court, the lawyer allegedly planned to file a motion to suppress evidence on defendant's behalf.  However, the night before the suppression hearing, defendant retained a new lawyer.  The second lawyer, defendant's plea counsel, then began negotiating with the State.

On April 15, 2010, defendant married his then-fiancée, an American citizen, allegedly acting on plea counsel's advice to obtain lawful residency.  The next day, defendant pled guilty to: second-degree possession with the intent to distribute cocaine, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(2); and second-degree possession with the intent to distribute heroin, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(2).  In exchange, the State agreed to

dismiss all other counts from the indictments and recommend a consecutive sentence of five years for the first indictment and three years for the second indictment.

A different lawyer, from the same office as plea counsel, represented defendant at the plea hearing. During the hearing, the prosecutor asked defendant if he reviewed the plea form, and defendant acknowledged he did. The prosecutor then specifically addressed defendant's status as an immigrant, asking "[d]o you understand that, there is a strong likelihood, that once you plead guilty, you probably will be deported back to India?" Defendant responded, "[y]es." In addition, the plea judge explained to defendant that "pleading guilty will subject [him] to deportation." Again, defendant responded that he understood. The court ultimately accepted defendant's guilty plea.

After entering his guilty plea, but before sentencing, defendant began the process of attempting to gain resident status as the immediate relative of an American citizen. According to defendant, he believed he would be approved since he was married to an American citizen.

Defendant then retained a different law firm to represent him at sentencing on July 26, 2010, where sentencing counsel provided the court with a history of defendant's case. In pertinent part, he argued, "the tragedy of all of this not only is he is going to

jail — nobody wants to go to jail — he's going to be deported. It's almost a guarantee based upon the record when he gets paroled out of the State Prison system." The court sentenced defendant in accordance with the plea agreement to an aggregate term of eight years.

On January 10, 2011, the United States Department of Homeland Security notified defendant of its intention to deport him because of the convictions. Thereafter, on February 10, 2012, an immigration court ordered defendant removed from the United States.

On July 24, 2015, defendant filed a petition for PCR, arguing plea counsel provided ineffective assistance of counsel for failing to advise him of the mandatory immigration consequences of pleading guilty. At the PCR evidentiary hearing, plea counsel testified he recalled defendant's case in particular because defendant offered him drugs in lieu of payment. He testified he did not give defendant immigration advice, and if asked, he would have referred defendant to an immigration attorney. Plea counsel also denied advising defendant to marry his then-fiancée in order to avoid deportation. He stated he would have advised defendant that the crimes charged were deportable offenses, but was not confident he told defendant deportation was mandatory. During cross-examination, plea counsel testified he knew of defendant's

4 A-2638-16T2

alien status and recalled telling defendant and his parents that defendant would "very likely" be deported. Plea counsel maintained defendant was more concerned with the length of his prison sentence than deportation.

Defendant testified and offered a different version of his consultation with plea counsel. Defendant denied offering drugs in exchange for legal services. When the deportation issue was discussed, defendant testified plea counsel leaned in and said, "Why don't you get married to an American citizen?" Defendant denied plea counsel gave him the name of an immigration attorney or reviewed the plea forms with him. He further testified plea counsel did not advise him that a guilty plea would result in mandatory deportation, a lifetime bar to American citizenship, and mandatory detention until removal.

On September 2, 2016, the trial judge denied defendant's petition in a written opinion. The judge found plea counsel was a credible witness and defendant was not credible. The judge rejected defendant's contention that plea counsel suggested marriage to avoid deportation. The judge reasoned the plea form, which defendant reviewed with the attorney who appeared for the entry of the plea, and defendant's colloquy with the plea judge, illustrated he knew he was subject to deportation. Moreover, the judge noted defendant testified he was satisfied with the plea

deal because it reduced his exposure to jail time. Ultimately, the court found defendant did not satisfy his burden under either prong of the Strickland[1] standard.

Defendant moved for reconsideration of his PCR petition, and after oral argument, the court denied this motion on January 13, 2017. This appeal followed.

On appeal, defendant raises the following arguments:

> THE TRIAL COURT FAILED TO CONSIDER THAT EVEN IF [PLEA COUNSEL] HAD NOT GIVEN ANY INCORRECT ADVICE ABOUT MARRIAGE, [PLEA COUNSEL] FAILED TO FULFILL HIS DUTY UNDER PADILLA[2] BECAUSE HE FAILED TO ADVISE MR. BHAGAT THAT DEPORTATION WAS NOT JUST POSSIBLE, BUT MANDATORY.
>
> THE TRIAL COURT ERRED IN CONSIDERING STATEMENTS BY THE JUDGE AND THE PROSECUTOR REGARDING DEPORTATION AS RELIEVING DEFENSE COUNSEL OF HIS OBLIGATION UNDER PADILLA.
>
> THE TRIAL COURT ERRED IN FINDING THAT STATEMENTS BY THE TRIAL COURT AND PROSECUTOR CURED THE PREJUDICE CAUSED BY [PLEA COUNSEL]'S INEFFECTIVENESS.
>
> THE TRIAL COURT ERRED IN EFFECTIVELY PLACING A RETROACTIVE AFFIRMATIVE OBLIGATION ON MR. BHAGAT TO HAVE ANSWERED YES OR NO QUESTIONS WITH FREE-FORM ANSWERS DURING HIS PLEA COLLOQUY.
>
> THE TRIAL COURT IMPROPERLY CONSIDERED STATEMENTS AT THE TIME OF SENTENCING AS A REFLECTION OF KNOWLEDGE AND UNDERSTANDING AT THE TIME OF THE PLEA.

[1] Strickland v. Washington, 466 U.S. 668 (1984).

[2] Padilla v. Kentucky, 559 U.S. 356 (2010).

THE TRIAL COURT ERRED IN MAKING ITS CREDIBILITY FINDINGS.

> The Trial Court failed to give sufficient weight to the filing of the immigration petition.

> The Trial Court failed to consider that prior to hiring [plea counsel], Mr. Bhagat was preparing to go to trial.

To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong Strickland test: he must show that (1) counsel's performance was deficient and he made errors that were so egregious counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 52 (1987).

Under the first prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. We must determine whether the acts or omissions of counsel "were outside the wide range of professionally competent assistance." Ibid. Adequate assistance of counsel must be measured by a standard of "reasonable competence." State v. Jack, 144 N.J. 240, 248 (1996) (citing Fritz, 105 N.J. at 53).

Under the second prong of Strickland, defendant must prove prejudice. Fritz, 105 N.J. at 52. He must show a "reasonable probability" that counsel's deficient performance affected the outcome of the proceeding. Strickland, 466 U.S. at 694. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." Ibid.

We review a PCR petition with deference to the trial court's factual findings. State v. Nash, 212 N.J. 518, 540 (2013) (citations omitted). We "give deference to those findings of the trial judge which are substantially influenced by his opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Elders, 192 N.J. 224, 244 (2007) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). However, all legal conclusions are reviewed de novo. State v. Harris, 181 N.J. 391, 415-16 (2004) (citing Toll Bros. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

Defendant argues plea counsel did not provide effective assistance of counsel because, under Padilla, 559 U.S. at 356, he should have advised defendant he would be mandatorily deported after pleading guilty. In Padilla, the United States Supreme Court held counsel has an affirmative duty to inform a criminal defendant of the immigration consequences of a guilty plea. 559 U.S. at 368-69. The Court held when deportation is "truly clear

. . ., the duty to give correct advice is equally clear." Id. at 369. We have said counsel's "failure to advise a noncitizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment." State v. Barros, 425 N.J. Super. 329, 331 (App. Div. 2012) (citing Padilla, 559 U.S. at 369). We note Padilla was issued by the Supreme Court of the United States on March 31, 2010, two weeks prior to the entry of defendant's guilty plea.

There is no question that pursuant to the Immigration and Nationality Act (INA)[3] defendant was subject to mandatory

---

[3]  Under 8 U.S.C. § 1227,

> Any alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:
>
> . . . .
>
> (2)  Criminal offenses.
>
> (A)  General crimes.
>
> . . . .
>
> (iii)  Aggravated felony.  Any alien who is convicted of an aggravated felony at any time after admission is deportable.
>
> . . . .
>
> (B)  Controlled substances.

deportation for the charged offenses. The statutory definition of aggravated felony in the INA includes "illicit trafficking in a controlled substance. . . ." 8 U.S.C. § 1101(a)(43)(B). As such, by pleading guilty to two counts of possession of CDS with the intent to distribute, defendant was subject to mandatory deportation.

Plea counsel concedes he never gave defendant any immigration advice. This omission satisfies the first prong of <u>Strickland</u>. <u>Padilla</u>, 559 U.S. at 371 ("It is quintessentially the duty of counsel to provide her client with available advice about an issue like deportation, and the failure to do so clearly satisfies the first prong of the <u>Strickland</u> analysis.") (citation omitted).

Moving to the second prong of <u>Strickland</u>, we consider whether defendant was prejudiced by counsel's error. In the context of guilty pleas, this prong is satisfied when "defendant demonstrates that he would not have pled guilty if he had been provided with accurate information . . . ." <u>State v. Gaitan</u>, 209 N.J. 339, 351 (2012) (citing <u>State v. Nunez-Valdez</u>, 200 N.J. 129, 131 (2009)).

---

(i) Conviction. Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . .

10

Defendant argues he would not have pled guilty if he knew he would be mandatorily deported. The trial judge did not find defendant credible on this contention. There is sufficient, credible evidence in the record to support the judge's credibility determination. At the plea hearing, defendant and his lawyer reviewed the plea form that indicated a likelihood of deportation. During the plea colloquy, the prosecutor told defendant he would likely be deported. The plea judge was less equivocal, explaining that pleading guilty would subject him to deportation, which defendant acknowledged. At no point did defendant raise any questions or request to discuss anything further with his attorney. In fact, defendant indicated he was satisfied with his counsel's performance.

Thereafter, during sentencing, defendant's sentencing lawyer stated defendant had decided to forgo a motion to withdraw his guilty plea and that defendant "is going to be deported." Defendant could have explored withdrawing his guilty plea if his main concern truly was deportation. However, as the trial court found, defendant's primary concern was to reduce his prison time. Accordingly, we do not find the trial judge erred finding defendant did not satisfy the second prong of Strickland.

Defendant's other arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

11 A-2638-16T2

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2638-16T2