**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3337-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ALIMAMY SESAY,

     Defendant-Appellant.

_____

Submitted December 18, 2018 – Decided February 11, 2019

Before Judges Rothstadt and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 11-09-1419.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Lila B. Leonard, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Alimamy Sesay appeals from a January 17, 2017 order denying his petition for post-conviction relief (PCR) after oral argument, but without an evidentiary hearing. Defendant contends he should be permitted to withdraw his guilty plea because his counsel was ineffective in failing to review discovery with him prior to advising him to accept a plea offer and in misadvising him about the immigration consequences of his plea. Defendant suffered no prejudice from the alleged failure of counsel regarding discovery and the record establishes that he was advised of the immigration consequences of his plea. Accordingly, we affirm.

I.

In July 2011, defendant was indicted for three crimes related to his unauthorized entry into a vacant apartment in Sayreville. Those charges included third-degree burglary, N.J.S.A. 2C:18-2; third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).

In December 2011, defendant pled guilty to third-degree burglary and third-degree possession of a controlled dangerous substance. In exchange for his guilty plea, the State agreed to dismiss the charge of endangering the welfare of a child.

2

Before giving his plea, defendant reviewed, completed, and signed a plea form. In response to question seventeen on that form, defendant stated that he was not a United States citizen. He then acknowledged that he had the right to consult with an attorney about the effect of a guilty plea on his immigration status, and noted he had discussed the potential immigration consequences of his guilty plea with an attorney. He also acknowledged that he understood he could be removed from the United States if he pled guilty, and stated that, after discussing the potential immigration consequences, he still wished to enter a guilty plea.

At the plea hearing, defendant informed the court that he was not a United States citizen. Defendant also stated that he had discussed the potential immigration consequences of his plea with his counsel, and had received the opportunity to discuss those consequences with an immigration attorney, but had chosen not to do so. He also acknowledged that he understood his guilty plea would result in his deportation. Thereafter, he confirmed for a second time that he did not wish to speak with an immigration attorney prior to the entry of his plea.

In that regard, defendant had the following exchange with his counsel, the assistant prosecutor, and the judge:

A-3337-16T1

[COUNSEL:] We discussed the immigration consequences, correct?

[DEFENDANT:] Right.

[COUNSEL:] You are not a citizen, right?

[DEFENDANT:] Correct.

[COUNSEL:] And I explained to you these charges will result in you being deported, right?

[DEFENDANT:] Correct.

[COUNSEL:] You were given an opportunity or asked if you want an opportunity to discuss immigration consequences with an immigration attorney?

[DEFENDANT:] Right.

[COUNSEL:] You chose not to do that, right?

[DEFENDANT:] Right.

[COUNSEL:] Understanding these charges will in fact result in deportation, correct?

[DEFENDANT:] Correct.

. . . .

[ASSISTANT PROSECUTOR:] You do not wish to speak to an immigration attorney at this time, right?

[DEFENDANT:] Right, sir.

. . . .

A-3337-16T1

[THE COURT:] Do you understand to the extent there are immigration consequences this court has no control over that?

[DEFENDANT:] Yes, sir.

[THE COURT:] This is considered to be a deportable offense that in fact it will begin proceeding. That's in the hands of an agency other than this one. Do you understand that?

[DEFENDANT:] Yes. I've been through it.

[THE COURT:] Knowing the case you still want the court to accept this negotiated plea?

[DEFENDANT:] Yes, sir.

Following that exchange, the judge confirmed with defendant that (1) he had reviewed the plea form with his attorney, (2) he had understood all the questions and answers on the form, (3) his answers on the form were truthful and freely given, and (4) his attorney had answered all of his questions.

Defendant also testified to the factual basis for his plea. In that regard, he testified that on April 12, 2011, he was in Sayreville when he unlawfully entered a residence with the intent to possess cocaine once inside. Based on defendant's testimony, the court found there was an adequate factual basis for the plea that was "unforced" and "uncoerced." Thereafter, the court accepted defendant's plea of guilt.

5

Prior to sentencing, defendant moved to withdraw his guilty plea, claiming that counsel had not provided him with discovery prior to the entry of his plea. On June 7, 2012, the court heard oral argument and denied the motion. On July 9, 2012, a judgment of conviction was entered sentencing defendant to concurrent terms of three years in prison. That sentence was also run concurrent to his sentence for violating probation.

On direct appeal, defendant challenged the denial of his motion to withdraw his guilty plea. On April 29, 2013, we affirmed defendant's convictions and sentence. State v. Sesay, No. A-5626-11 (App. Div. Apr. 29, 2013) (slip op. at 7). In that decision, we addressed defendant's "claims that he did not receive the State's discovery prior to the entry of his guilty plea and . . . would not have pled guilty 'had he been fully advised of the State's discovery.'" Ibid. In reaching our decision, we noted that the only discovery contained in the record was a police report from Officer Ziola that was "consistent with defendant's allocution" and contained "nothing . . . that appears remotely exculpatory." Ibid.

On February 29, 2016, defendant filed a petition for PCR. He was assigned counsel, who filed an amended PCR petition on August 27, 2016. The PCR court heard oral argument on December 21, 2016, and on January 17, 2017,

the court issued an order and twelve-page decision denying defendant's petition. The court determined defendant was barred from arguing ineffective assistance of counsel based on the alleged failure to review discovery because that issue was addressed by this court on defendant's direct appeal. The court also found that defendant had failed to establish a prima facie case of ineffective assistance of counsel.

## II.

On this appeal, defendant makes three arguments, which he articulates as follows:

> POINT ONE – DEFENDANT'S CLAIM HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S FAILURE TO REVIEW DISCOVERY WITH HIM SHOULD NOT BE BARRED BECAUSE DEFENDANT'S CLAIM WAS NOT EXPRESSLY ADJUDICATED BY THE APPELLATE DIVISION.
>
> POINT TWO – DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ENTITLING HIM TO POST CONVICTION RELIEF AND AN EVIDENTIARY HEARING ON THE ISSUES OF FAILURE OF COUNSEL TO REVIEW DISCOVERY, AND COUNSEL'S MISINFORMATION REGARDING DEPORTATION CONSEQUENCES OF HIS GUILTY PLEA.
>
> POINT THREE – DEFENDANT IS ENTITLED TO WITHDRAW HIS PLEA BECAUSE THE NATURE

7

AND STRENGTH OF HIS CLAIM OUTWEIGH THE
STATE'S INTEREST IN PRESERVING THE PLEA.

We reject defendant's arguments because his petition lacks substantive merit.

Defendant's petition arises from the application of <u>Rule</u> 3:22, which permits collateral attack of a conviction based upon a claim of ineffective assistance of counsel within five years of the conviction. <u>See</u> <u>R.</u> 3:22-2(a); <u>R.</u> 3:22-12(a)(1); <u>see also</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 686-87 (1984); <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987). To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part <u>Strickland</u> test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." <u>Strickland</u>, 466 U.S. at 687; <u>Fritz</u>, 105 N.J. at 58 (adopting the <u>Strickland</u> two-part test in New Jersey).

When a defendant has entered a guilty plea, he or she satisfies the first <u>Strickland</u> prong if he or she can show that counsel's representation fell short of the prevailing norms of the legal community. <u>Padilla v. Kentucky</u>, 559 U.S. 356, 366-67 (2010). A defendant proves the second part of <u>Strickland</u> by establishing "a reasonable probability that" the defendant "would not have pled guilty," but for counsel's errors. <u>State v. Gaitan</u>, 209 N.J. 339, 351 (2012) (quoting <u>State v. Nunez-Valdez</u>, 200 N.J. 129, 138-39 (2009)).

In cases involving noncitizen defendants, "a defendant can show ineffective assistance of counsel by proving that his [or her] guilty plea resulted from 'inaccurate information from counsel concerning the deportation consequences of his [or her] plea.'" State v. Brewster, 429 N.J. Super. 387, 392 (App. Div. 2013) (quoting Nunez-Valdez, 200 N.J. at 143). Moreover, counsel's duty encompasses informing a defendant who enters a guilty plea of the relevant mandatory deportation law if it is "succinct, clear, and explicit." Padilla, 559 U.S. at 368. Counsel's "failure to advise a noncitizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment." State v. Barros, 425 N.J. Super. 329, 330 (App. Div. 2012) (citing Padilla, 559 U.S. at 368-69).

Applying these principles and using a de novo standard of review, see State v. Harris, 181 N.J. 391, 420-21 (2004), we affirm the denial of defendant's petition for PCR. Rule 3:22-5 provides that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding . . . or in any appeal from such proceedings." Accordingly, a previous adjudication on the merits bars a defendant from reasserting an identical or substantially equivalent issue in a proceeding for PCR. State v. McQuaid, 147 N.J. 464, 484 (1997).

In this case, the PCR court determined defendant's claim of ineffective assistance of counsel based on the alleged failure to provide discovery was addressed on direct appeal. Defendant argues his claim differs from that raised on direct appeal because he previously argued he was entitled to withdraw his guilty plea when he had not received or reviewed discovery, and now argues his counsel was ineffective for failing to provide that discovery. We need not decide whether those issues are the same. Rather, our prior conclusion that the discovery was consistent with defendant's plea establishes that defendant cannot show any prejudice. As the discovery would not have offered defendant a defense that he was not aware of when he pled guilty, counsel's alleged failure to review that discovery with defendant caused no prejudice.

Next, the record amply demonstrates that defendant was fully aware of the immigration consequences of his guilty plea. Indeed, in his plea form and at the plea hearing, defendant confirmed that he had the right to consult with an immigration attorney and that he understood that by pleading guilty he probably would be deported and face other immigration consequences. Accordingly, there is no showing that defendant was not properly advised of the immigration consequences of his plea. See Padilla, 559 U.S. at 367-69; Gaitan, 209 N.J. at 380; Nunez-Valdez, 200 N.J. at 139-40; Brewster, 429 N.J. Super. at 393.

Defendant has also made no showing that it would have been rational for him to reject the plea bargain. See Padilla, 559 U.S. at 372; see also State v. DiFrisco, 137 N.J. 434, 457 (1994) (explaining a defendant must show a "reasonable probability" that, absent the incompetent representation, he or she "would not have pled guilty and would have insisted on going to trial" (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985))). Here, defendant was facing three third-degree charges. He has shown no reasonable probability that he would have rejected receiving a sentence of three years in prison that ran concurrent to a sentence under a separate indictment, and instead gone to trial where he faced the possibility of receiving a sentence of five years in prison that would run consecutive to his sentence on the separate indictment.

There was also no showing that required an evidentiary hearing on defendant's PCR petition. A PCR judge should only grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of post-conviction relief." State v. Preciose, 129 N.J. 451, 462 (1992). To establish a prima facie claim, "a defendant must demonstrate the reasonable likelihood of succeeding under the test set forth in Strickland[.]" Id. at 463. A defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "He

11

[or she] must allege facts sufficient to demonstrate counsel's alleged substandard performance." Ibid.

Finally, defendant has no grounds for withdrawing his guilty plea. First, he made such a motion before the trial court, it was denied, and that ruling was affirmed on direct appeal. Sesay, No. A-5626-11 (slip op. at 7). As defendant's claim of ineffective assistance of counsel fails, he is now left with the same arguments presented on direct appeal. Accordingly, our ruling on his direct appeal precludes reconsideration on a PCR proceeding. See R. 3:22-5; McQuaid, 147 N.J. at 484.

Moreover, even if we were to consider the issue, defendant has not established any of the factors that allow for the withdrawal of a guilty plea. Those factors are "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." State v. Slater, 198 N.J. 145, 157-58 (2009).

Defendant does not contend that he is innocent of the crimes to which he pled guilty. Instead, he argues that he only pled guilty based on his trial counsel's failure to review discovery and misadvise about the immigration

consequences of his plea. As we already found defendant suffered no prejudice by the alleged failure of counsel to review discovery with him, and the record does not support his claim regarding deportation consequences, we find the first factor under Slater has not been satisfied. Moreover, none of the other Slater factors support defendant's arguments to withdraw his guilty plea. The nature and strength of defendant's reasons for withdrawal are rebutted by the record. There was a plea agreement, which was favorable to defendant. Finally, given the passage of time, allowing the withdrawal would result in unfair prejudice to the State.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3337-16T1