41 A.3d 601 (2012)
425 N.J. Super. 329
STATE of New Jersey, Plaintiff-Appellant,
v.
Paulo BARROS, Defendant-Respondent.
No. A-1288-10T2
Superior Court of New Jersey, Appellate Division.
Decided April 20, 2012.
Decided June 6, 2011.
Submitted May 25, 2011.
Remanded by Supreme Court March 7, 2012.
Resubmitted April 13, 2012.
*602 Bruce J. Kaplan, Middlesex County Prosecutor, attorney for appellant (Simon Louis Rosenbach, Assistant Prosecutor, of counsel and on the brief; Nancy A. Hulett, Assistant Prosecutor, of counsel and on the supplemental brief).
Iacullo Martino, L.L.C., Nutley, attorneys for respondent (Anthony J. Iacullo, of counsel; Mr. Iacullo and Joshua H. Reinitz, on the brief and supplemental brief).
Before Judges FISHER, SAPP-PETERSON and SIMONELLI.
The opinion of the court was delivered by
FISHER, J.A.D.
In Padilla v. Kentucky, 559 U.S. ___, ___, 130 S.Ct. 1473, 1483, 176 L.Ed.2d 284, 296 (2010), the Supreme Court of the United States held that an attorney's failure to advise a noncitizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment. Previously, we affirmed the grant of post-conviction relief here because, as the PCR judge determined, it was undisputed that defendant was not advised that his guilty plea subjected him to mandatory deportation and undisputed that he would not have entered a guilty plea if he was made aware of that fact. Our Supreme Court granted certification and remanded for our reconsideration in light of State v. Gaitan, 209 N.J. 339, 37 A.3d 1089 (2012), in which the Court held that Padilla is a new rule that may not be applied retroactively. Because defendant pleaded guilty prior to the date Padilla was decided, Gaitan bars the relief granted by the trial court and affirmed by our earlier opinion, and we must now reverse the order under review.
On April 21, 2008, defendant pleaded guilty, pursuant to a negotiated plea agreement, to third-degree distribution of a controlled dangerous substance within 1000 feet of school property, N.J.S.A. 2C:35-5a; N.J.S.A. 2C:35-7. Defendant was sentenced, on September 12, 2008, to a three-year prison term, with a one-year period of parole ineligibility. Defendant filed a timely PCR petition on March 19, 2010, arguing he was denied the effective assistance of counsel because his trial attorney failed to inform him that a guilty plea "would ultimately result in [his] deportation." Defendant's trial attorney conceded he "did not specifically advise [defendant] that as the result of this plea, he would be deported."
The State did not contest defendant's factual allegations, arguing instead that Padilla and State v. Nuñez-Valdéz, 200 N.J. 129, 975 A.2d 418 (2009), should not be applied retroactively. The State asserted that the existing level of professional competence at the time only imposed a duty on counsel to avoid providing a noncitizen client with affirmative misleading information and did not prevent counsel from "declin[ing] to discuss deportation consequences at all with his client." The PCR judge rejected that argument and held, in relying on Padilla, that counsel was obligated to provide affirmative advice about the deportation consequences of defendant's guilty plea. The PCR judge vacated both the guilty plea and the judgment of conviction and returned the matter to the active trial list.
We granted the State's motion for leave to appeal and, by way of a written opinion filed on June 6, 2011, we rejected the State's argument and affirmed substantially for the reasons set forth in State v. Gaitan, 419 N.J.Super. 365, 17 A.3d 227 (App.Div.2011), which we viewed as not materially different from the case at hand.
*603 Our Supreme Court granted certification in Gaitan and, in reversing, clarified two things. First, the Court held that Nuñez-Valdéz only recognized a preexisting level of professional competence that imposed a duty on counsel to avoid rendering an inaccurate affirmative prognosis of a defendant's deportation consequences and, in that regard, was not a new rule. Gaitan, supra, 209 N.J. at 352 (holding that, prior to Nuñez-Valdéz, "it was hardly revolutionary under New Jersey law that an attorney could not actually give wrong or inaccurate information about immigration consequences of a guilty plea without risking an assertion of having provided ineffective assistance"). And, second, the Court determined, in applying both federal and state law, that Padilla created a "new rule" and, for that reason, the level of attorney competence described in Padilla has no application to guilty pleas entered prior to March 31, 2010, the day the decision in Padilla was announced. Gaitan, supra, 209 N.J. at 372, 373, 375-76.
Here, defendant's ineffective-assistance-of-counsel claim was based on the contention, as conceded by his trial attorney and not disputed by the State, that defendant was not affirmatively advised that his guilty plea would lead to mandatory deportation.[1] His success on that claim is entirely dependent upon the application of the level of attorney competence recognized in Padilla.[2] If Padilla were applied here, it would militate in favor of the relief granted by the PCR judge. The level of competence recognized by Padilla imposed an affirmative obligation on trial counsel to advise defendant of the undeniable fact that he faced mandatory deportation by pleading guilty to a drug trafficking offense. Padilla, supra, 559 U.S. ___, 130 S.Ct. at 1483, 176 L.Ed.2d at 296.
Because our Supreme Court, however, has now held that Padilla's requirement that an attorney must provide affirmative and accurate advice of the deportation consequences of a guilty pleaabsent evidence that the matter is one of undue complexity[3]constitutes a new rule, defendant is not entitled to the relief provided by the PCR judge, and our prior affirmance of that determination can no longer stand. Required by our Supreme Court's determination that Padilla constitutes a new ruleannounced after defendant pleaded guiltywe must conclude that defendant's *604 PCR claim is meritless when asserted in our state courts.[4]
Gaitan, thus, compels reversal of the order under review. As noted below, however, defendant possesses a colorable claim for relief in federal courts within this State. See Orocio, supra, 645 F.3d at 641. For that reason, we will stay our mandate to allow defendant an opportunity to file a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey.
Reversed. Today's judgment is stayed for thirty days.
NOTES
[1] The parties were permitted to file supplemental briefs after the Supreme Court remanded this matter to us. In his supplemental brief, defendant argues for the first time that statements made by his trial attorney during sentencingthat defendant was "not a native born American, although he does have the right to stay in the country"suggest defendant was given mistaken advice as opposed to no advice. This contention is inconsistent with defendant's claim in the trial court, and here, that he was not given any advice regarding the deportation consequences of his guilty plea. We find no merit in this tardy and inconsistent assertion.
[2] Defendant's PCR petition did not assert a claim falling within the parameters of Nuñez-Valdéz.
[3] Padilla held that when the deportation consequences of a guilty plea are "not succinct and straightforward" or when they are "unclear or uncertain," then the attorney need do no more than "advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." Padilla, supra, 559 U.S. at ___, 130 S.Ct. at 1483, 176 L.Ed.2d at 296. Defendant's claim does not fit this circumstance. There was no doubt then, and there is no doubt now, that when defendant entered his guilty plea to a drug distribution offense he pleaded guilty to an "aggravated felony," leading to mandatory deportation. See 8 U.S.C.A. § 1101(a)(43)(B); 8 U.S.C.A. § 1227(a)(2)(A)(iii).
[4] The Court of Appeals for the Third Circuit has held that Padilla does not constitute a new rule and is to be applied retroactively on collateral review. United States v. Orocio, 645 F.3d 630, 641 (3d Cir.2011) (holding that "Padilla followed directly from . . . long-established professional norms" and, therefore, was an "old rule" to be retroactively applied). Federal judges in New Jersey are bound to Orocio, not Gaitan, in examining ineffective-assistance-of-counsel claims similar to defendant's claim here. See, e.g., Gaitan, supra, 209 N.J. at 388-90, 394-95. Consequently, noncitizens in defendant's position are likely entitled to federal habeas corpus relief when that relief is sought within the Third Circuit.