**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5357-15T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

LUDGI G. DESROCHES,

      Defendant-Appellant.

_____

Submitted November 2, 2017 — Decided November 14, 2017

Before Judges Simonelli and Haas.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Indictment No.
08-08-1869 and Accusation Nos. 08-11-2520 and
08-11-2521.

Joseph E. Krakora, Public Defender, attorney
for appellant (William Welaj, Designated
Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County
Prosecutor, attorney for respondent (Mary R.
Juliano, Assistant Prosecutor, of counsel;
Anthony Valenzano, Legal Assistant, on the
brief).

PER CURIAM

Defendant appeals from the May 31, 2016 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

A grand jury returned a one-count indictment charging defendant with third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1). On November 10, 2008, defendant pled guilty to this charge, as well as to two additional charges (third-degree conspiracy to possess cocaine, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:35-10(a)(1); and third-degree distribution of cocaine, N.J.S.A. 2C:35-5(b)(3)), which were set forth in two accusations the prosecutor issued on that date. Although defendant was not a United States citizen, he answered "No" to Question No. 17 on the plea agreement form that asked, "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?"

Pursuant to the negotiated plea, the judge sentenced defendant on December 19, 2008 to concurrent three-year terms of probation on each charge. Defendant did not file a direct appeal from his conviction and sentence.

On August 9 and 10, 2011, defendant pled guilty to new drug charges[1] and to violations of probation. At the plea hearing,

---

[1] Specifically, defendant pled guilty to two counts of third-degree distribution of cocaine, N.J.S.A. 2C:35-5(b)(3).

defendant admitted he was not a citizen of the United States. He also acknowledged that if he pled guilty to the charges, it would likely result in his deportation. Pursuant to the negotiated plea, the judge sentenced defendant on November 18, 2011 to an aggregate six-year term, with a three-year period of parole ineligibility, on the two drug charges, and a concurrent five-year aggregate term for the violations of probation.

On September 11, 2014, more than five years after he was sentenced on December 19, 2008 on the initial set of charges, defendant filed his PCR petition. Defendant argued he was entitled to have his November 10, 2008 plea vacated on ineffective assistance of counsel grounds because his attorney did not provide him with any advice concerning the immigration consequences of his guilty plea. Defendant also argued that his petition should be accepted as timely because he did not become aware that he was subject to deportation until June 13, 2014, when an Immigration and Customs Enforcement (ICE) detainer was lodged against him.

Following oral argument, Judge Ronald Reisner rendered a comprehensive thirty-seven page written decision denying defendant's petition without an evidentiary hearing. The judge concluded that defendant's petition was barred by the five-year

limitations period set forth in Rule 3:22-12(a)(1).[2] Contrary to defendant's assertion that he only became aware of the immigration consequences of the November 10, 2008 plea in June 2014, the judge found that defendant was aware he could be deported because of his drug charges no later than the August 9, 2011 plea hearing, when this issue was discussed in detail. This was well within the five-year limitations period, yet defendant did not file his PCR petition until September 11, 2014, almost nine months after this period expired.

Judge Reisner also denied defendant's request to withdraw his plea based upon his allegation that his plea attorney did not give him any advice on the immigration consequences of his November 10, 2008 guilty plea. By way of background, "a defendant can show ineffective assistance of counsel by proving that his [or her] guilty plea resulted from 'inaccurate information from counsel concerning the deportation consequences of his [or her] plea.'" State v. Brewster, 429 N.J. Super. 387, 392 (App. Div. 2013) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 143 (2009)).

---

[2] Rule 3:22-12(a)(1) provides that a defendant's first PCR petition must be filed within five years of the date the judgment of conviction is entered, "unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]"

4

Counsel's duty includes an affirmative responsibility to inform a defendant entering a guilty plea of the relevant law pertaining to mandatory deportation. Padilla v. Kentucky, 559 U.S. 356, 368-69, 130 S. Ct. 1473, 1483, 176 L. Ed. 2d 284, 295 (2010). Our Supreme Court has made clear that counsel's "failure to advise a noncitizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment." State v. Barros, 425 N.J. Super. 329, 331 (App. Div. 2012) (citing Padilla, supra, 559 U.S. at 369, 130 S. Ct. at 1483, 176 L. Ed. 2d at 296).

In Chaidez v. United States, 568 U.S. 342, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013), however, the Court concluded that Padilla, by imposing a new obligation and a new rule of law, would be applied prospectively only. Id. at 358, 133 S. Ct. at 1113, 185 L. Ed. 2d at 162. Accordingly, "defendants whose convictions became final prior to Padilla . . . cannot benefit from its holding." Ibid.

Guilty pleas entered prior to Padilla are reviewed to determine whether counsel provided affirmatively false information regarding the plea's immigration consequences. State v. Santos, 210 N.J. 129, 143-44 (2012). "Only if defendant's attorney affirmatively gave incorrect advice about the deportation

consequences of his [or her] guilty plea might he [or she] be entitled to set aside his [or her] conviction in accordance with the holding of Nuñez-Valdéz." Brewster, supra, 429 N.J. Super. at 394-95.

Applying these principles, Judge Reisner noted that defendant entered his November 10, 2008 plea prior to Padilla. The judge found "[t]here [was] no evidence presented here that . . . defendant's plea counsel provided any false or affirmatively misleading advice regarding . . . defendant's immigration consequences." Thus, consistent with Nuñez-Valdéz, Judge Reisner denied defendant's request to set aside his guilty plea.

Finally, the judge found that defendant failed to establish a basis for plea withdrawal under State v. Slater, 198 N.J. 145, 158-59 (2009). Slater requires a court to weigh the following factors in considering a motion to withdraw a plea: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Ibid.

The judge found that defendant did not assert his innocence of the drug charges to which he pled. As noted above, the judge also found that defendant failed to demonstrate a strong reason

for withdrawing his plea because his attorney was not ineffective under Nuñez-Valdéz. Defendant entered his plea pursuant to a plea bargain and he was sentenced in accordance with that agreement. Finally, Judge Reisner found that the State would be prejudiced due to the eight-year gap between defendant's conviction in 2008 and the filing of the PCR petition in 2016. Weighing the four Slater factors, the judge found no basis for vacating defendant's guilty plea. This appeal followed.

On appeal, defendant raises the following contentions:

POINT I

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR], IN PART, UPON THE PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-12(a)(1).

POINT II

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR [PCR] SINCE HIS GUILTY PLEA WAS NOT KNOWINGLY AND VOLUNTARILY ENTERED IN LIGHT OF THE FAILURE OF THE TRIAL COURT, TRIAL COUNSEL OR THE STATE TO EVEN REMOTELY INFORM THE DEFENDANT REGARDING THE IMMIGRATION CONSEQUENCES ARISING OUT OF HIS PLEA.

When petitioning for post-conviction relief, the defendant must establish by a preponderance of the credible evidence that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To establish a prima facie claim of ineffective assistance of

counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. <u>Strickland v. Washington</u>, 466 <u>U.S.</u> 668, 687, 104 <u>S. Ct.</u> 2052, 2064, 80 <u>L. Ed.</u> 2d 674, 693 (1984); <u>State v. Fritz</u>, 105 <u>N.J.</u> 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, <u>supra</u>, 466 <u>U.S.</u> at 690, 104 <u>S. Ct.</u> at 2066, 80 <u>L. Ed.</u> 2d at 695.

We have considered defendant's contentions in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). We affirm substantially for the reasons set forth by Judge Reisner in his thoughtful and thorough written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION