# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3959-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LESLIE JOSEPH,

    Defendant-Appellant.

_____

Submitted April 23, 2018 — Decided July 16, 2018

Before Judges Fasciale and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Somerset County, Indictment No.
11-03-0155, Accusation No. 15-09-0513.

Joseph E. Krakora, Public Defender, attorney
for appellant (Mark Zavotsky, Designated
Counsel, on the brief).

Michael H. Robertson, Somerset County
Prosecutor, attorney for respondent (Lauren
Martinez, Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

    Defendant Leslie Joseph appeals from an order denying his

petition for post-conviction relief (PCR) without an evidentiary

hearing. Defendant maintains that his trial counsel rendered ineffective assistance when he pled to third-degree endangering the welfare of a child. Judge Robert A. Ballard, Jr. entered the order and issued a twenty-three page written statement of reasons. We affirm.

In a single point, defendant argues:

POINT I

DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S MISADVICE AS TO THE MATERIAL ELEMENT OF HIS PLEA THEREBY ENTITLING HIM TO AN EVIDENTIARY HEARING AND POST CONVICTION RELIEF.

After serving his sentence,[1] defendant was released to the United States Department of Homeland Security to be subjected to deportation proceedings. He then filed a PCR petition alleging counsel's ineffectiveness for not properly advising him about the immigration consequences of his guilty plea.

To show ineffective assistance of counsel, defendant must demonstrate two things. First, counsel's deficient performance was so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment of the United States Constitution. Strickland v. Washington, 466 U.S. 668, 687 (1984).

---

[1] Due to a prior guilty plea to an accusation for third-degree perjury by making material false statements, and in accordance with his plea agreement for endangering, he was sentenced to an aggregate flat four-year time served sentence.

Second, the performance deficiency prejudiced defendant's rights to a fair trial such that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; State v. Fritz, 105 N.J. 42, 52 (1987).

In the context of a guilty plea, the standard to establish ineffective assistance of counsel is somewhat modified. "[A] defendant can show ineffective assistance of counsel by proving that his [or her] guilty plea resulted from 'inaccurate information from counsel concerning the deportation consequences of his [or her] plea.'" State v. Brewster, 429 N.J. Super. 387, 392 (App. Div. 2013) (quoting State v. Nunez-Valdez, 200 N.J. 129, 143 (2009)).

Plea counsel's duty includes an affirmative responsibility to inform a defendant entering a guilty plea of the relevant law pertaining to mandatory deportation. Padilla v. Kentucky, 559 U.S. 356, 368-69 (2010). This court has made clear that counsel's "failure to advise a noncitizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment." State v. Barros, 425 N.J. Super. 329, 330-31 (App. Div. 2012) (citing Padilla, 559 U.S. at 369). The Padilla rule applies because defendant pled guilty in September 2015.

Defendant's contention that he was unaware of the immigration consequences of his plea because counsel advised him that the plea would "close the matter for good," is belied by the record, which reflects that both counsel and the plea judge advised him he would be deported. After declining the judge's invitation to seek advice from an immigration attorney because he was a resident, not a United States citizen, the judge told defendant that deportation would "most likely" occur due to his guilty plea. Moreover, defendant stated that he would be satisfied with that result. The plea form, which defendant initialed, signed, and reviewed with counsel, further demonstrates that he knew he would be deported because of his guilty plea.

For these reasons and for those Judge Ballard expressed in his written decision, we conclude that defendant failed to make a prima facie case of ineffective assistance of plea counsel. We conclude that defendant's arguments are unsupported and lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3959-16T4