**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2219-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EDWIN ROSARIO,

     Defendant-Appellant.

_____

          Submitted December 18, 2018 – Decided January 11, 2019

          Before Judges Rothstadt and Gilson.

          On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-05-0796.

          Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

          Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Edwin Rosario appeals from a March 10, 2017 order denying his petition for post-conviction relief (PCR) after oral argument, but without an evidentiary hearing. Defendant contends that his counsel was ineffective in misleading him about the immigration consequences of his plea and he should be permitted to withdraw his plea of guilt. The record, however, establishes that defendant was advised of the immigration consequences of his plea and, therefore, we affirm.

I.

In April 2014, defendant was indicted for seven crimes related to his possession and intention to distribute cocaine and marijuana. Those charges included two second-degree offenses, four third-degree offenses, and one fourth-degree offense.

In October 2014, defendant pled guilty to third-degree possession of cocaine with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7. Before giving that plea, defendant reviewed, completed, and signed a plea form. In response to question seventeen of that form, defendant stated that he was not a United States citizen, acknowledged that he had the right to consult with an immigration attorney, waived that right, and acknowledged that he understood that he could be removed from the United States if he pled guilty.

A-2219-17T1

At the plea hearing, defendant informed the court that he was not a United States citizen. Defendant initially stated that he had not consulted with an immigration attorney, but when the court stated that it would adjourn the hearing, defendant testified that he had spoken to another immigration attorney. Defendant also testified that he had been advised that his guilty plea might result in his deportation from the United States, prevent him from becoming a United States citizen, and prevent him from re-entering the United States. In that regard, defendant had the following exchange with the judge:

> THE COURT: Are you a U.S. citizen?
>
> THE DEFENDANT: No.
>
> THE COURT: Okay. Have you had an opportunity to speak with an immigration attorney?
>
> THE DEFENDANT: Not really.
>
> THE COURT: Okay. We [will] adjourn this so that you could speak with an immigration attorney.
>
> THE DEFENDANT: I did, he was on vacation.
>
> THE COURT: So you didn't speak to any other immigration attorney?
>
> THE DEFENDANT: I spoke to another one.
>
> THE COURT: So is it not really or you spoke to someone - -

 A-2219-17T1

THE DEFENDANT: Yes.

THE COURT: - - else?

THE DEFENDANT: Yes, I did.

THE COURT: Okay. And did he answer all of your questions with regards to your immigration status?

THE DEFENDANT: Yes.

THE COURT: Did he explain to you, sir, that this charge could result in your deportation?

THE DEFENDANT: Yes.

THE COURT: Not only could it result in your deportation, it could affect your ability to apply for immigration and naturalization as a U.S. citizen in this country.

THE DEFENDANT: Yes.

THE COURT: Additionally, if you are deported it could affect your ability to get back into the [country].

THE DEFENDANT: Yes.

THE COURT: And understanding that, you still wish to plead guilty today?

THE DEFENDANT: Yes.

Following that exchange, the judge confirmed with defendant that (1) he had reviewed the plea form with his attorney, (2) he had understood all the questions

and answers on the form, (3) his attorney had answered all of his questions, and (4) his answers were truthful.

Defendant then testified to the factual basis for his plea. In that regard, he testified that on October 30, 2013, he was in Union City, he possessed cocaine with the intent to distribute it, and he was within 1000 feet of a school. Based on defendant's testimony, the court found there was an adequate factual basis for the plea and defendant had pled guilty "freely and voluntarily with the full knowledge and consequences of his actions." Thus, the court accepted defendant's plea of guilt.

In November 2014, defendant was sentenced to five years of probation with the condition that he participate in drug court. That sentence was in accordance with defendant's plea agreement, which had provided that he would be sentenced either to four years in prison or drug court.

In August 2016, defendant filed a petition for PCR. He certified that his counsel was ineffective for misadvising him about the deportation consequences of his plea. He also moved to withdraw his plea. Thereafter, defendant was assigned PCR counsel and the PCR court heard oral arguments. On March 10, 2017, the court entered an order denying defendant's petition for PCR.

## II.

On this appeal, defendant argues:

> MR. ROSARIO IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR AFFIRMATIVELY MISADVISING HIM ABOUT THE DEPORTATION CONSEQUENCES OF HIS PLEA AND ON HIS CLAIM THAT HE SHOULD BE ALLOWED TO WITHDRAW HIS PLEA.

Defendant's petition arises from the application of Rule 3:22, which permits collateral attack of a conviction based upon a claim of ineffective assistance of counsel within five years of the conviction. See R. 3:22-2(a); R. 3:22-12(a)(1); see also Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58 (adopting the Strickland two-part test in New Jersey).

On petitions brought by a defendant who has entered a guilty plea, the defendant satisfies the first Strickland prong if he or she can show that counsel's representation fell short of the prevailing norms of the legal community. Padilla

6

v. Kentucky, 559 U.S. 356, 366-67 (2010). The defendant proves the second component of Strickland by establishing "a reasonable probability that" the defendant "would not have pled guilty," but for counsel's errors. State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)).

In cases involving noncitizen defendants, "a defendant can show ineffective assistance of counsel by proving that his [or her] guilty plea resulted from 'inaccurate information from counsel concerning the deportation consequences of his [or her] plea.'" State v. Brewster, 429 N.J. Super. 387, 392 (App. Div. 2013) (quoting Nunez-Valdez, 200 N.J. at 143). Counsel's duty encompasses informing a defendant who had entered a guilty plea of the relevant mandatory deportation law if it is "succinct, clear, and explicit." Padilla, 559 U.S. at 368. Counsel's "failure to advise a noncitizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment." State v. Barros, 425 N.J. Super. 329, 330 (App. Div. 2012) (citing Padilla, 559 U.S. at 368-69).

Applying these principles and using a de novo standard of review, see State v. Harris, 181 N.J. 391, 420-21 (2004), we affirm the denial of defendant's petition for PCR. The record amply demonstrates that defendant was fully aware

7

of the immigration consequences of his guilty plea. In both his plea form and at the plea hearing, defendant confirmed that he had the right to consult with an immigration attorney and that he understood that by pleading guilty he may be deported and face other immigration consequences. Accordingly, there is no showing that defendant was not properly advised of the immigration consequences of his plea. See Padilla, 559 U.S. at 365-66; Gaitan, 209 N.J. at 380; Nunez-Valdez, 200 N.J. at 139-40; Brewster, 429 N.J. Super. at 393.

Defendant has also made no showing that it would have been rational for him to reject the plea bargain. See Padilla, 559 U.S. at 372. See also State v. DiFrisco, 137 N.J. 434, 457 (1994) (a defendant must show a "reasonable probability" that, absent the incompetent representation, he or she "would not have pled guilty and would have insisted on going to trial" (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985))). Here, defendant was facing two second-degree charges, three other third-degree charges, and a fourth-degree charge. He has shown no reasonable probability that he would have rejected the opportunity to participate in five years of probation in drug court and gone to trial where he faced the possibility of receiving a sentence of ten years in prison. Indeed, as the PCR court noted, defendant's petition asserted he pled guilty because he was "given the option of probation instead of prison time."

There was also no showing that required an evidentiary hearing on defendant's PCR petition. A PCR judge should only grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of post-conviction relief." State v. Preciose, 129 N.J. 451, 462 (1992). To establish a prima facie case, "a defendant must demonstrate the reasonable likelihood of succeeding under the test set forth" in Strickland. Id. at 463. A defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "He [or she] must allege facts sufficient to demonstrate counsel's alleged substandard performance." Ibid.

Finally, defendant did not establish any of the factors that are required for the withdrawal of a guilty plea. Those factors are "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." State v. Slater, 198 N.J. 145, 157-58 (2009). Defendant does not contend that he is innocent of the crime to which he pled guilty. Instead, he argues that he only pled guilty based on his trial counsel's misadvise about the immigration consequences of his plea. As we have already

9

found that the record does not support that claim, the first factor under <u>Slater</u> has not been satisfied. Moreover, none of the other <u>Slater</u> factors support defendant's arguments to withdraw his guilty plea. The nature and strength of defendant's reasons for withdrawal are rebutted by the record. There was a plea agreement, which was very favorable to defendant. Finally, given the passage of time, allowing the withdrawal would result in unfair prejudice to the State.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2219-17T1