**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4258-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HUSSEIN NAMOYA,

    Defendant-Appellant.

_____

> Submitted October 10, 2019 – Decided November 6, 2019
>
> Before Judges Whipple and Gooden Brown.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 14-04-0446.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Anderson David Harkov, Designated Counsel, on the brief).
>
> Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (David Michael Liston, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Hussein Namoya appeals the trial court's January 22, 2018 order denying his post-conviction relief (PCR) petition without an evidentiary hearing. We affirm.

We discern the following facts from the record. On January 15, 2014, defendant sold a bag of heroin within 1000 feet of a school in New Brunswick. The police arrested defendant and found seven decks of heroin on his person. At the time of defendant's arrest, he was a legal permanent resident of the United States. On April 16, 2014, he was indicted and charged with nine drug related offenses: third-degree possession of a controlled dangerous substance (CDS), heroin, N.J.S.A. 2C:35-10a(1); third-degree possession of heroin with the intent to distribute, N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(3); third-degree possession of heroin with the intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-7; second-degree possession of heroin with the intent to distribute within 500 feet of a public park, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-7.1; third-degree possession of a CDS, alprazolam, N.J.S.A. 2C:35-10a(1); third-degree possession of CDS, cocaine, N.J.S.A. 2C:35-10(a)(1); third-degree distribution of a CDS, cocaine, N.J.S.A. 2C: 35-5(a)(1) and N.J.S.A. 2C:35-5b(3); third-degree distribution of a CDS,

cocaine, within 1000 feet of school property, N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-7; and second-degree distribution of a CDS, cocaine, within 500 feet of a public building in violation of N.J.S.A. 2C: 35-5a(1) and N.J.S.A. 2C: 35-7.1.

In September 2015 defendant entered a negotiated guilty plea to third-degree possession of heroin with the intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-7, in accordance with an agreement that the State would recommend a non-custodial term of probation and dismiss all of the remaining eight counts of the indictment. Defendant executed a plea agreement form wherein he answered yes to question number seventeen, which asked, "[d]o you understand that if you are not a citizen of the United States, this guilty plea may result in your removal from the United States and/or stop you from being able to legally enter or re-enter the United States?"

During the plea hearing, defendant's counsel addressed the immigration consequences by engaging in the following discussion:

> [Counsel]: Mr. Namoya, you're not a citizen of the United States; correct?
>
> Defendant: Yes.
>
> [Counsel]: You are a citizen of where?
>
> Defendant: Kenya.

[Counsel]: And you presently hold a Greencard?

Defendant: Yes.

[Counsel]: Okay. Now back -- way back when I first met you we discussed the immigration consequences regarding your case; correct?

Defendant: Yes.

[Counsel]: And I obtained an immigration advisal from the Office of the Public Defender regarding this charge; correct?

Defendant: Yes.

[Counsel]: And I explained to you that any drug distribution charge will make you deportable; do you understand that?

Defendant: Yes.

[Counsel]: I also advised you to speak with independent Counsel; correct?

Defendant: Yes.

[Counsel]: Who did you speak with?

Defendant: My - - at the time, Mr. Allongo.

[Counsel]: Right. And Mr. Allongo also told you that pleading guilty to a drug charge would also make you deportable; correct?

Defendant: Yes.

[Counsel]: And we discussed the possibility of trying this case, taking it to trial?

Defendant: Yes.

[Counsel]: Okay. Now, having spoken to Mr. Allongo, and the information that I gave you, it's your desire to plead guilty today; correct?

Defendant: Yes.

[Counsel]: I'm not forcing you; correct?

Defendant: No.

[Counsel]: And you understand that I'm not an immigration attorney, and that I've advised you that by pleading guilty I cannot guarantee you that you will not be deported; correct?

Defendant: Yes.

[Counsel]: In fact, I told you that it's more likely that you will be deported; correct?

Defendant: Yes, you did.

[Counsel]: And you still want to go ahead and plead guilty?

Defendant: Yes.

Shortly after the plea judge accepted defendant's guilty plea, defendant's counsel requested defendant be released on his own recognizance because the plea agreement called for a non-custodial sentence and defendant had been in jail over the last month. The State responded "I'm opposing that application . . . I think no matter what he's going to be deported now. He's got a charge that I think is a -- he's facing mandatory deportation. So, I think that there's a risk of flight." In response to the State's objection, the plea judge stated "[m]aybe. It's a maybe. That's the problem. We don't know. We don't know. So immigration has had [thirty] days now to put a sticker on him." The plea judge released defendant on his own recognizance, noting that although defendant was removable, Immigration Customs Enforcement (ICE) had not yet elected to remove defendant.

On November 20, 2015, the plea judge sentenced defendant to three years of probation. In August 2016 defendant was charged with violating probation, received 186 days of jail credit and was sentenced to continued probation. On or around September 15, 2016, defendant was incarcerated on an ICE detainer.

In January 2017, defendant filed a pro se PCR petition. In his petition, defendant argued he received ineffective assistance of counsel as "he was not informed about the immigration consequences due to my legal immigration

status." The Office of the Public Defender was assigned as PCR counsel. The PCR judge heard argument on defendant's petition and issued a written opinion denying defendant's petition without an evidentiary hearing.

The PCR judge found that defendant failed to establish a prima facie case of ineffective assistance of counsel in relation to his plea and the immigration consequences stemming therefrom. The judge noted that defendant failed to meet both prongs of the Strickland v. Washington, 466 U.S. 668 (1984) test. This appeal followed.

Defendant raises the following issues on appeal:

> POINT 1: THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING BECAUSE THE PLEA FORM AND PLEA TRANSCRIPT ESTABLISHED A PRIMA FACIE CASE FOR POST CONVICTION RELIEF

> POINT 2: DEFENDANT'S TRIAL ATTORNEY DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO NOTIFY HIM THAT HE WAS FACING MANDATORY DEPORTATION BY PLEADING TO AN AGGRAVATED FELONY.

> POINT 3: DEFENDANT DID NOT KNOWINGLY AND VOLUNTARILY WAIVE HIS RIGHT TO A JURY TRIAL BECAUSE HE LACKED A FULL UNDERSTANDING OF THE CONSEQUENCES OF HIS GUILTY PLEA.

To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong Strickland test: he must show that (l) counsel's performance was deficient and he made errors that were so egregious counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694; See also State v. Fritz, 105 N.J. 42, 52 (1987).

Under the first prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. We must determine whether the acts or omissions of counsel "were outside the wide range of professionally competent assistance." Ibid. Adequate assistance of counsel must be measured by a standard of "reasonable competence." State v. Jack, 144 N.J. 240, 248 (1996) (quoting Fritz, 105 N.J. at 53).

Under the second prong of Strickland, defendant must prove prejudice. Fritz, 105 N.J. at 52. He must show a "reasonable probability" that counsel's deficient performance affected the outcome of the proceeding. Strickland, 466

8

U.S. at 694. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." Ibid.

We review a PCR petition with deference to the trial court's factual findings. State v. Nash, 212 N.J. 518, 540 (2013) (citations omitted). We "give deference to those findings of the trial judge which are substantially influenced by his opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Elders, 192 N.J. 224, 244 (2007) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). However, where, as in this case, "no evidentiary hearing has been held, we 'may exercise de novo review over the factual inferences drawn from the documentary record by the [PCR judge].'" State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (quoting State v. Harris, 181 N.J. 391, 421 (2004)). All legal conclusions are reviewed de novo. Harris, 181 N.J. at 415-16 (citing Toll Bros. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

Defendant argues plea counsel did not provide effective assistance of counsel because, under Padilla v. Kentucky, 559 U.S. 356 (2010), she should have advised defendant he would be mandatorily deported after pleading guilty. In Padilla, the United States Supreme Court held counsel has an affirmative duty to inform a criminal defendant of the immigration consequences of a guilty plea.

559 U.S. at 368-69. The Court held when deportation is "truly clear . . . the duty to give correct advice is equally clear." Id. at 369. We have said counsel's "failure to advise a noncitizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment." State v. Barros, 425 N.J. Super. 329, 330-31 (App. Div. 2012) (citing Padilla, 559 U.S. at 369). There is no question that pursuant to the Immigration and Nationality Act (INA)[1] defendant was subject to

---

[1] Under 8 U.S.C. § 1227,

> Any alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:
>
> . . . .
>
> (2) Criminal offenses.
>
> (A) General crimes.
>
> . . . .
>
> (iii) Aggravated felony. Any alien who is convicted of an aggravated felony at any time after admission is deportable.
>
> . . . .
>
> (B) Controlled substances.

mandatory deportation for the charged offenses. The statutory definition of aggravated felony in the INA includes "illicit trafficking in a controlled substance. . . ." 8 U.S.C. § 1101(a)(43)(B). As such, by pleading guilty to one third-degree school zone count of possession of CDS with the intent to distribute, defendant was subject to mandatory deportation.

Defendant argues his attorney's conduct fell below a standard of objective reasonableness because she informed him he "may" be deported as opposed to advising him deportation was mandatory. Our review of the record demonstrates defendant's attorney not only discussed the immigration consequences with defendant, but that she also referred him to an immigration attorney prior to the entry of his plea. Defendant acknowledged on the record his immigration attorney told him pleading to a drug distribution charge would make him deportable. Moreover, he signed the plea form demonstrating he was notified of the possibility of deportation prior to entering the plea in open court.

Counsel is not required to use "magic words" like "presumptively mandatory deportation" in cases with clearly deportable offenses, but must avoid

---

(i) Conviction. Any alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . .

minimizing the risk of removal by clearly conveying to defendant that he or she "faces virtually inevitable removal." State v. Blake, 444 N.J. Super. 285, 299-301 (App. Div. 2016). The manner in which counsel may do so "is as variable as the English language." Id. at 301. During the plea hearing, defendant's counsel advised defendant "[i]n fact, I told you that it's more likely that you will be deported; correct?" (emphasis added). This statement did not minimize defendant's risk of removal, but rather clearly conveyed to defendant that he faced virtually inevitable removal. Therefore, we discern no error in the PCR judge's determination that defendant's counsel satisfied the elements of Padilla by informing defendant that he faced virtually inevitable removal as evidenced by the plea form and the plea colloquy. See id. at 285.

Although we need not reach the second prong of Strickland, we consider whether defendant was prejudiced by counsel's error. In the context of guilty pleas, this prong is satisfied when "defendant demonstrates that he would not have pled guilty if he had been provided with accurate information . . . ." State v. Gaitan, 209 N.J. 339, 351 (2012) (citing State v. Nunez-Valdez, 200 N.J. 129, 131 (2009)).

Defendant argues he would not have pled guilty if he knew he would be mandatorily deported. The PCR judge did not find defendant credible on this

contention. There is sufficient, credible evidence in the record to support the PCR judge's credibility determination. At the plea hearing, defendant and his plea counsel reviewed the plea form that indicated a likelihood of deportation. Immediately after the plea colloquy, the prosecutor told defendant he faced mandatory deportation. The plea judge released defendant cautioning he was unsure of deportation. At no point did defendant raise any questions or request to discuss anything further with his plea counsel. In fact, defendant indicated he was satisfied with his counsel's performance. Defendant could have explored withdrawing his guilty plea if his main concern truly was deportation. Accordingly, we do not find the PCR judge erred finding defendant did not satisfy the second prong of <u>Strickland</u>.

Defendant's other arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13