**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2517-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SAMANTHA CRUZ, a/k/a
ANGELA CRUZ,

    Defendant-Appellant.

_____

Submitted May 4, 2020 – Decided June 4, 2020

Before Judges Sabatino and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 15-02-0065 and Accusation No. 10-06-0573.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Samantha Cruz, a non-United States citizen, appeals the Law Division order denying her petition for post-conviction relief (PCR) following an evidentiary hearing. On appeal, defendant argues:

> POINT I
>
> SINCE THE DEFENDANT ESTABLISHED THE TWO PRONGS OF STRICKLAND V. WASHINGTON[1] FOR INEFFECTIVE ASSISTANCE OF COUNSEL IT WAS ERROR FOR THE COURT TO DENY [DEFENDANT'S] PETITION FOR POST[-]CONVICTION RELIEF.
>
> POINT II
>
> IT WAS ERROR FOR THE PCR COURT TO DENY DEFENDANT'S MOTION TO VACATE HER GUILTY PLEA.

We disagree with the PCR judge by concluding trial counsel provided ineffective assistance for failing to notice defendant's pre-sentence report provided she was a Mexican national, which was contrary to her assertions in her plea form and plea colloquy that she was a United States citizen. We affirm, however, as there was no prejudice to defendant because counsel would not have succeeded in withdrawing her guilty pleas principally for the reasons determined by the judge when he denied her PCR request to vacate them.

---

[1] 466 U.S. 668 (1984).

Defendant pled guilty to an accusation charging her with aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(3), and to an indictment charging her with intent to distribute a controlled dangerous substance (CDS) within 1000 feet of a school, N.J.S.A. 2C:35-7 and 2C:35-5(a). During the plea colloquy, the judge, who was also the sentencing and PCR judge, asked defendant, "[y]ou're a United States citizen?" to which she replied, "[y]es." The response was consistent with her plea form, where she indicated "[y]es" to the question inquiring whether she was a citizen of the United States. Defendant also responded "[y]es" when the judge asked her whether she "had enough time to discuss this matter, not just the plea forms, but the case in [total] with [her counsel], is that correct?"

At defendant's sentencing about two months later, the judge adhered to defendant's plea agreement by dismissing the other pending charges against her and sentenced her to two five-year concurrent terms of probation and a time served 364-days county jail term. Defendant did not appeal her convictions or sentences.

About a month after sentencing, defendant was charged with violation of probation. Prior to disposition of the charge and facing deportation based upon

her CDS conviction, the self-represented defendant filed a PCR motion to withdraw her pleas and vacate her convictions alleging: (1) trial counsel failed to advise her of the immigration consequences of her guilty pleas and to negotiate a plea that would not have immigration consequences; and (2) she would not have pled guilty had she been aware of the immigration consequences of her pleas.

In a subsequently filed "Amended Petition" by assigned PCR counsel, defendant certified she was not guilty of either conviction and only pled guilty because the plea agreement called for her release from jail after being incarcerated for more than eight months pending resolution of her charges. Defendant contended the aggravated assault conviction should be vacated because she was defending a third person who was being assaulted. She also argued the CDS conviction should be vacated because the CDS was not hers and it was found at a house she just happened to be visiting pursuant to a search warrant issued against a resident of the house.

Upon hearing oral argument on defendant's request for a PCR evidentiary hearing, the judge agreed. Following the hearing, in which counsel and defendant testified over the course of two separate dates, the judge issued an

order and seventeen-page letter opinion denying PCR and defendant's motion to vacate her guilty pleas.

In denying PCR, the judge determined counsel did not provide ineffective assistance as required by the first prong of Strickland's two-prong test based primarily on his credibility assessment of defendant and counsel's testimony. Contrary to defendant's representation, the judge found counsel thoroughly reviewed the plea form signed by defendant, which indicated she was a United States citizen, without rushing her to complete it. Relying upon State v. Nunez-Valdez, 200 N.J. 129 (2009), State v. Gaitan, 209 N.J. 339 (2012), and State v. Vieira, 334 N.J. Super. 681, (Law Div. 2000), the judge determined counsel had no reason to discuss the immigration consequences of defendant's pleas because she indicated she was a United States citizen. The judge noted defendant's presentence report, "indicated that [defendant] was born in Mexico and was a resident alien[,]" and that counsel "testified that prior to sentencing he would have reviewed defendant's presentence report, but he did not remember taking note that [defendant's] place of birth was in Mexico." The judge, however, reasoned that since "defendant misrepresented her citizenship status under oath[,]" it "was relied upon by counsel . . . , the State and [him] at the time of plea and at sentence."

The judge further noted testimony that on two separate arrests, defendant gave different pedigree information regarding her name, birthdate, address, social security number, and her citizenship status. The judge pointed out defendant testified she did not recall him asking at her plea "whether she was a United States citizen, though the transcript clearly indicates she was asked that question and answered in the affirmative."

In sum, the judge stated:

> Based on the numerous discrepancies and outright misrepresentations set forth above, this court finds that [defendant's] testimony entirely lacks credibility and cannot form the basis upon which relief under may be granted. To this court, counsel, court personnel and the police, petitioner has consciously misrepresented not only her immigration status, but her birthdate, social security number, and home address. At the plenary hearing, she either misremembered or misrepresented the basic procedural history of her case.
>
> . . . .
>
> Accordingly, there was no basis for [counsel] to discuss the immigration consequences with [defendant]. Absent a legitimate basis for imputing knowledge of [defendant's] foreign citizenship, the relief contemplated under Nunez-Valdes, Gaitan, and Vieira is not implicated.
>
> In the same vein, this court finds that the ineffective assistance of counsel standard has not been met. To the contrary; this court finds that the ineffective assistance of counsel standard has not been met. To the contrary;

6

this court finds counsel to have exercised "reasonable professional judgement" and to have provided more than sufficient legal assistance and in this case.

## II

Before us, defendant argues the judge erred in finding she did not establish Strickland's two prong test for ineffective assistance of counsel because he placed too much reliance on her representations on the plea form and in court that she was a citizen. Defendant argues she was unaware of the immigration consequences of her pleas, and had she been made aware by her counsel she would not have pled guilty. She asserts given the conflicting indications in her discovery (police reports) regarding her citizenship status and counsel's failure to see her naturalization papers, the presentence report should have alerted counsel to her lack of United States citizenship.

The State contends defendant's continual misrepresentation of her citizenship status belies application of Padilla v. Kentucky, 559 U.S. 356 (2010), thereby defeating her PCR claims based upon counsel's lack of advice regarding the impact of guilty pleas on her ability to remain in this country because she is a Mexican national. According to the State, the judge's denial of relief was

7

correct based on the record. The State further contends the judge properly weighed the Slater[2] factors in denying her motion to vacate her guilty pleas.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obligated to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong of this test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 52. In the context of ineffective assistance related to a plea, the second prong requires a defendant to "'show that the deficient performance prejudiced the defense.'" State v. Taccetta, 200 N.J. 183, 193 (2009) (citation omitted).

Prejudice is not presumed and must be proven by the defendant. Fritz, 105 N.J. at 52. The inquiry is whether a defendant can "show that, had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so[.]" State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (citation omitted).

---

[2] State v. Slater, 198 N.J. 145, 157-58 (2009).

A-2517-18T4

"[A] [defendant] must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 559 U.S. at 356. This "is an exacting standard: '[t]he error committed must be so serious as to undermine the court's confidence in . . . the result reached.'" State v. Allegro, 193 N.J. 352, 367 (2008) (alteration in original) (citations omitted). Moreover, "[t]he failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688; Fritz, 105 N.J. at 52); see also State v. O'Neal, 190 N.J. 601, 618-19 (2007) (holding "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . .").

Our review of an order granting or denying PCR contains consideration of mixed questions of law and fact. State v. Harris, 181 N.J. 391, 415-16 (2004). Where, as here, the judge conducts an evidentiary hearing, we must uphold the judge's factual findings, "'so long as those findings are supported by sufficient credible evidence in the record.'" State v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)). Additionally, we defer to a trial judge's findings that are "'substantially influenced by [the judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy.'" Ibid. (alteration in original) (quoting

Robinson, 200 N.J. at 15). However, "we need not defer to a PCR [judge's] interpretation of the law[,]" as all legal conclusions are reviewed de novo. Id. at 540-41.

Here, the alleged ineffectiveness pertained to whether counsel properly advised defendant about the immigration consequences of her guilty pleas to aggravated assault and CDS charges. In the context of a guilty plea, the standard to establish ineffective assistance of counsel is somewhat modified. "[A] defendant can show ineffective assistance of counsel by proving that his [or her] guilty plea resulted from 'inaccurate information from counsel concerning the deportation consequences of his [or her] plea.'" State v. Brewster, 429 N.J. Super. 387, 392 (App. Div. 2013) (quoting Nunez-Valdez, 200 N.J. at 143). Counsel's duty includes an affirmative responsibility to inform a defendant entering a guilty plea of the relevant law pertaining to mandatory deportation. Padilla, 559 U.S. at 368-69. This court has made clear that counsel's "failure to advise a noncitizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment." State v. Barros, 425 N.J. Super. 329, 330-31 (App. Div. 2012) (citing Padilla, 559 U.S. at 369).

We take no issue with the judge's credibility findings as they are based upon his assessment of the live testimony by defendant and counsel, as well as the plea proceeding. The record leaves little doubt defendant lacked credibility based upon her conflicting representations as to her citizenship status. A cornerstone of the attorney-client relationship is candor. It is apparent defendant has not satisfied her responsibility within that relationship. That said, when information concerning a client's citizenship status is presented to an attorney contradicting their client's representations and has deportation consequences, it is the attorney's professional duty to bring it to the client's attention first, and then the court. As evidenced by the following colloquy, counsel did not notice the presentence report stated defendant was born in Mexico and was not a United States citizen:

> [Question]: Okay. So now, when you see this pre-sentence report prior to sentence being imposed, and you see that it indicates Mexico as a place of birth, did it cause you any concern that you have to speak with your client? First of all, was this something that you were completely comfortable with because she had indicated Mexico but somehow indicated to you how she became a naturalized citizen?
>
> [Counsel]: I don't -- I don't specifically recall noticing the place of birth Mexico and -- or having a conversation with [defendant].

Counsel then candidly stated that because defendant was late for sentencing, he was unsure as to whether he reviewed the presentence report "faster than we would have normally went through it." More troubling is that when the judge asked counsel at sentencing whether he had "any additions, deletions, corrections to the [presentence report]," he replied "I do not, Your Honor. I have reviewed it."

We cannot disregard counsel's failure to address defendant's citizenship status in the presentence report with defendant, regardless of her lack of candor with counsel and the judge. This was not an onerous burden on counsel, especially given the contradictory discovery regarding defendant's citizenship.

This situation, however, differs from that in Padilla and Barros addressing counsel's obligation to advise his or her non-United States citizen client regarding the deportation consequences of pleading guilty to certain offenses. There, the defendants did not misrepresent to their counsel nor the plea court that they were United States citizens. In this case, it was after defendant pled guilty and prior to sentencing that counsel was put on notice through the presentence report that defendant was a Mexican national.

A-2517-18T4

## III

Our conclusion that counsel was ineffective does not end our analysis of defendant's ineffective assistance claim because Strickland's second prong – prejudiced by counsel's ineffectiveness – must be addressed. If counsel would have discussed the citizenship situation with defendant – assuming she would have confirmed she was not a United States citizen – the proper course of action would have been for counsel to request a postponement of the sentencing so he could file a motion to vacate her guilty pleas. Under the circumstances, it would have been appropriate to grant the request.

In determining trial counsel was not ineffective, the judge did not directly address the prejudice prong. However, the contentions trial counsel would have raised in a motion to vacate defendant's guilty plea prior to sentencing were in fact raised in her PCR petition and denied by the judge in his PCR ruling. Thus, we examine this portion of the judge's ruling.

Before analyzing defendant's PCR request to vacate her guilty pleas and the judge's rejection of her arguments, we address the relevant law. To grant a defendant's request to withdraw a defendant's guilty plea, the trial court must consider and balance the four-factor Slater test, which provides:

> (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of

13

defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused.

[Slater, 198 N.J. at 157-58.]

The standard to withdraw a guilty plea prior to sentencing is in the interest of justice. State v. Howard, 110 N.J. 113, 123-24 (1988) (citation omitted). "'[T]he burden rests on the defendant, in the first instance, to present some plausible basis for his request, and his good faith in asserting a defense on the merits.'" Slater, 198 N.J. at 156 (quoting State v. Smullen, 118 N.J. 408, 416 (1990)). "Generally, representations made by a defendant at plea hearings concerning the voluntariness of the decision to plead, as well as any findings made by the trial court when accepting the plea, constitute a 'formidable barrier' which defendant must overcome before he will be allowed to withdraw his plea." State v. Simon, 161 N.J. 416, 444 (1999) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Accordingly, "'courts are to exercise their discretion liberally to allow plea withdrawals[]'" and "'[i]n a close case, the scales should usually tip in favor of defendant.'" State v. Munroe, 210 N.J. 429, 441 (2012) (internal quotation omitted) (quoting Slater, 198 N.J. at 156); Taylor, 80 N.J. at 365. Nevertheless, the Munroe Court explained that "[l]iberality in exercising discretion does not mean an abdication of all discretion, and, accordingly, any

plea-withdrawal motion requires a fact-specific analysis[.]" 210 N.J. at 441-42 (first alteration in original) (citations and internal quotation marks omitted). Thus, we will reverse the trial court's determination of whether to allow a defendant to withdraw a guilty plea "only if there was an abuse of discretion which renders the lower court's decision clearly erroneous." Simon, 161 N.J. at 444 (citing Smullen, 118 N.J. at 416).

In denying defendant's motion to vacate her guilty pleas, the judge initially found review of the plea hearing transcript supported his "determination that there was an adequate factual basis for the plea and that it was made voluntarily, with an understanding by . . . defendant as to the nature of the charge and the consequences of her plea" as required by Rule 3:9-2.

In weighing the four Slater factors, the judge decided defendant failed to establish a basis for withdrawing her pleas. As to the first factor, the court found defendant did not assert a colorable claim of innocence for each conviction. Defendant testified at the evidentiary hearing she was not guilty of aggravated assault because she was defending a third person. On the CDS conviction, defendant testified the CDS was not hers because police were executing a search warrant directed at another person who lived at a residence where she did not live. The judge found defendant's proofs lacking because she did not submit any

credible or specific facts in support of her claim of innocence. For example, regarding the CDS guilty plea, the judge pointed out: "While executing a search warrant for the second floor, the police heard someone run from the second to the first floor, where they found defendant hiding in the presence of empty glassine packets and drug paraphernalia."

Regarding the second factor, the nature and strength of defendant's reasons for withdrawal, defendant argues she sought to withdraw her guilty pleas because they were not voluntary, meaning she would not have pled guilty if she knew deportation would follow. The judge found defendant's request to vacate her pleas rested "solely upon the unanticipated consequence of the discovery of her true immigration status – a status she actively misrepresented – and not genuine claims of innocence . . . ."

The judge stated the third factor, the existence of plea agreement, requires defendant to satisfy a heavy burden to withdraw her pleas, and gave it no weight in her favor.

As to the fourth factor, whether plea withdrawal would result in unfair prejudice to the State or unfair advantage to the accused, defendant argues the State presented no proof it would be prejudiced by having to go to trial on defendant's charges. The judge noted since defendant's claims under the first

16

three factors were entitled to no weight, Slater does not require the State to show prejudice if the pleas were withdrawn. 198 N.J. at 162 (citations omitted). Nonetheless, the judge determined "[i]t is axiomatic that the passage of time tends to favor the accused and prejudice the State—witnesses move and become difficult to locate[]; evidence is mislaid or lost; memories fade with time."

By finding defendant failed to satisfy the Slater factors and had not established that a failure to withdraw her guilty plea would result in a manifest injustice, the judge denied the motion. We see no abuse of discretion, nor unjust result. The judge's weighing of the Slater factors is supported by the record. The factual basis defendant gave for her pleas during her colloquy were not overcome by her PCR certification and the arguments presented to the judge or to this court. Had trial counsel raised this motion after learning through the presentence report defendant was not a United States citizen the same result would have occurred; the motion would have been denied. Thus, there was no prejudice caused by trial counsel's failure to make this same motion upon review of the presentence report and necessary consultation with defendant. Moreover, defendant should not obtain the benefit of relitigating charges made against her where she has created a trail of deception without any facts in the record supporting mitigation of her actions.

17

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2517-18T4