**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0321-19T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BYRON MUNEZ-RIVERA,

     Defendant-Appellant.

_____

        Argued September 29, 2020 – Decided November 20, 2020

        Before Judges Fasciale and Susswein.

        On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Indictment No. 05-02-0052.

        William A. Proetta argued the cause for appellant (Proetta, Oliver & Fay, attorneys; William A. Proetta, on the brief).

        Jeffrey L. Weinstein, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Michael J. Williams, Acting Hunterdon County Prosecutor, attorney; Jeffrey L. Weinstein, of counsel and on the briefs).

PER CURIAM

Defendant, Byron Munez Rivera, appeals from the August 16, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.[1] He contends his trial counsel rendered ineffective assistance by misinforming him of the immigration consequences of his guilty plea. Judge Angela F. Borkowski denied defendant's petition both as time-barred under Rule 3:22-12 and on the merits, finding defendant failed to establish either prong of the two-pronged test established in Strickland v. Washington.[2] After carefully reviewing the record in view of the governing legal principles, we affirm substantially for the reasons set forth in Judge Borkowski's thorough twenty-eight page decision.

In 2005, defendant pled guilty to the third-degree crime of uttering a document that falsely purports to be driver's license, N.J.S.A. 2C:21-2.1(c). In accordance with the plea agreement, the State dismissed a second-degree charge for unlawful use of personal identifying information of another, N.J.S.A. 2C:21-

---

[1] Although the PCR court did not grant an evidentiary hearing on the merits of defendant's ineffective assistance claim, the court at oral argument heard testimony from defendant with respect to his argument that there was excusable neglect for filing the PCR petition beyond the five-year time limit prescribed in Rule 3:22-12.

[2] 466 U.S. 668 (1984).

A-0321-19T4

17.2. Defendant was sentenced to a two-year period of probation. Defendant filed his PCR petition approximately fourteen years after the sentence was imposed and twelve years after he completed probation.

Defendant raises the following issues for our consideration:

POINT I

THE TRIAL COURT ERRED BY NOT RELAXING THE FIVE-YEAR TIME LIMIT FOR POST-CONVICTION RELIEF APPLICATIONS.

A. THE TRIAL COURT ERRED BY NOT RELAXING THE FIVE-YEAR TIME LIMIT FOR PCR PETITIONS BECAUSE MR. RIVERA SHOWED EXCUSABLE NEGLECT.

I. THE TRIAL COURT ERRED BY FINDING THAT MR. RIVERA'S RELIANCE ON INACCURATE IMMIGRATION ADVICE DOES NOT CONSTITUTE EXCUSABLE NEGLECT.

B. THE TRIAL COURT ERRED BY NOT RELAXING THE FIVE-YEAR TIME LIMIT BECAUSE MR. RIVERA SUFFERED AN INJUSTICE.

C. THE TRIAL COURT ERRED BY NOT CONSIDERING THE RECENT CASE OF STATE V. PATEL WHEN DECIDING WHETHER TO RELAX THE TIME LIMIT.

A-0321-19T4

POINT II

THE TRIAL COURT ERRED BY FINDING THAT MR. RIVERA DID NOT SHOW A PRIMA FACIE CASE THAT HIS COUNSEL WAS INEFFECTIVE.

A. THE TRIAL COURT ERRED BY NOT FINDING THAT MR. RIVERA'S COUNSEL WAS INEFFECTIVE BY FAILING TO PROPERLY INFORM HIM ABOUT THE IMMIGRATION CONSEQUENCES OF HIS PLEA.

B. MR. RIVERA WOULD HAVE REJECTED THE PLEA IF HE HAD KNOWN ABOUT THE IMMIGRATION CONSEQUENCES.

C. MR. MONTEIRO WAS INEFFECTIVE BECAUSE HE FAILED TO ADVISE MR. RIVERA ABOUT THE PRETRIAL INTERVENTION PROGRAM.

POINT III

THE TRIAL COURT ERRED BY DENYING MR. RIVERA AN EVIDENTIARY HEARING.

POINT IV

THE TRIAL COURT ERRED BY DENYING MR. RIVERA'S REQUEST TO WITHDRAW HIS GUILTY PLEA.

I.

Because we affirm for the reasons explained in Judge Borkowski's thoughtful and thorough written opinion, we need not re-address defendant's

4

arguments at length.  We first consider whether defendant's petition is time-barred.

A petitioner seeking PCR must file a petition within five years of the judgment of conviction—that is, within five years of the date of the sentence. R. 3:22-12(a)(1); State v. Dugan, 289 N.J. Super. 15, 19 (App. Div. 1996).  A first PCR petition filed outside of this time limit may be considered only where the defendant (1) alleges sufficient facts to support a claim of excusable neglect, and (2) demonstrates a reasonable probability that if said factual allegations were true, enforcement of the time bar would result in a fundamental injustice. R. 3:22-12(a)(1)(A).

Judge Borkowski made detailed findings with respect to the timeline of events.  She highlighted that defendant acknowledged in his testimony that he was aware of his ability to file a PCR petition in 2014.  Judge Borkowski found that he nonetheless continued to sit on his rights for another four-and-one-half years.  Although defendant offered reasons for some portions of the fourteen-year delay between the imposition of sentence and filing a petition for PCR, he failed to explain significant periods of inactivity.  For example, once he discovered his initial PCR counsel failed to properly file a petition in 2017,

A-0321-19T4

another year-and-one-half passed before the petition was filed by a different attorney.

Judge Borkowski further found that the State was incurably prejudiced by the protracted delay in filing the PCR petition because the prosecutor had destroyed its case file in accordance with a ten-year records retention policy. We agree with Judge Borkowski's observation that the filing deadline prescribed in Rule 3:22-12 serves to prevent a defendant from claiming constitutional errors after the State has lost the ability to respond.

We add that Judge Borkowski properly rejected defendant's argument that the New Jersey Supreme Court's recent decision in State v. Patel, 232 N.J. 424 (2019), authorizes a relaxation of the five-year time limit for filing a PCR petition. That case is inapposite. The Court in Patel held that a municipal court defendant who was not advised of his right to counsel before accepting a plea offer was presumptively prejudiced, and that such prejudice sufficed to warrant relief under State v. Laurick, 120 N.J. 1 (1990), even after the five-year time limit had expired pursuant to Rule 7:10-2. 232 N.J. at 448–49. The Patel Court explicitly limited its holding to Laurick applications under Rule 7:10-2(b)(2), and noted that the deadline for filing other post-conviction relief petitions under Rule 3:22-12 was not affected. Id. at 447.

## II.

Judge Borkowski ruled that even if defendant's petition were not time-barred, he failed to establish a prima facie case of ineffective assistance to warrant an evidentiary hearing.  We agree.

PCR serves the same function as a federal writ of habeas corpus.  State v. Preciose, 129 N.J. 451, 459 (1992).  Both the Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings.  Strickland, 466 U.S. at 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)); State v. Fritz, 105 N.J. 42, 58 (1987).  In Fritz, our Supreme Court adopted the two-part test articulated in Strickland in determining whether a defendant has received ineffective assistance of counsel.  Fritz, 105 N.J. at 58.  Under Strickland, in order to demonstrate ineffectiveness of counsel, "[f]irst, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense."  Strickland, 466 U.S. at 687.

In Padilla v. Kentucky, the United States Supreme Court held that a petitioner may meet the first Strickland prong by showing that his attorney made misrepresentations regarding potential immigration consequences flowing from

a guilty plea, whether made through commission or omission. 559 U.S. at 369, 374. In State v. Gaitan, 209 N.J. 339 (2012), our Supreme Court held that "in applying both federal and state law, . . . Padilla created a 'new rule' and, for that reason, the level of attorney competence has no application to guilty pleas entered prior to March 31, 2010, the day the decision in Padilla was announced." See also State v. Barros, 425 N.J. Super. 329, 333 (App. Div. 2012) (denying PCR relief to a petitioner seeking relief from his 2008 guilty plea, claiming ineffective assistance of counsel pursuant to the new rule announced in Padilla). In this instance, defendant entered his guilty plea seven years before Padilla was decided.

The second prong of the Strickland test requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different than if counsel had not made the errors. Id. at 694.

This assessment is necessarily fact-specific to the context in which the alleged errors occurred. For example, when, as in this case, a defendant seeks "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that, but for

counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994) (alterations in original)).

Short of obtaining immediate relief, a defendant may prove that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462–63. The PCR court should grant an evidentiary hearing only when (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. Id. at 462; R. 3:22-10(b). To meet the burden of proving a prima facie case, a defendant must show a reasonable likelihood of success under the Strickland test. Id. at 463.

Judge Borkowski highlighted that defendant has not certified as to his innocence. Furthermore, the record supports her conclusion that defendant offered no probative evidence except post-hoc statements and bald assertions in support of his claim that his interest in avoiding deportation was the determinative factor in accepting the plea agreement and pleading guilty to the reduced charge. We thus agree with Judge Borkowski's conclusion that defendant failed to demonstrate that it would have been rational for him to reject

the highly favorable plea offer tendered by the State. That plea bargain resulted in the dismissal of a second-degree crime that carries a presumption of imprisonment under N.J.S.A. 2C:44-1(d). As defendant has yet to suggest a viable trial strategy, we see no reason to disturb the PCR court's conclusion that it would have been irrational for defendant to reject the highly favorable plea offer that allowed him to avoid the virtual certainty of a state prison sentence. Even were we to accept that defendant's principal concern was to avoid deportation, rejecting the plea offer would not have advanced that goal, given the lack of a viable trial defense and the likelihood of a conviction by jury verdict. Accordingly, we see no reason to disturb Judge Borkowski's finding that petitioner failed to show a reasonable possibility that he would have rejected the plea offer and elected to go to trial, but for his trial counsel's alleged error. Nunez-Valdez, 200 N.J. at 138–139.

Similarly, we agree with Judge Borkowski that counsel was not ineffective for failing to apply for pretrial intervention (PTI). Judge Borkowski found it to be "mere speculation that the petitioner would have been accepted into PTI[,]" especially given that defendant was charged with a second-degree crime that invokes a presumption against admission to PTI. See State v. Nwobu, 139 N.J. 236, 252 (1995) (noting that an applicant facing a presumption against PTI must

demonstrate "compelling reasons" or "something extraordinary or unusual," and not merely that he "is a first time offender and has admitted or accepted responsibility for the crime").

To the extent we have not addressed them, any additional arguments raised by defendant lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0321-19T4