**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4466-18T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

YURI FRANCISCO SOTO,

 Defendant-Appellant.

_____

Submitted October 19, 2020 – Decided December 17, 2020

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 88-06-0937.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Lillian Kayed, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Yuri Soto appeals from the March 27, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We vacate the order under review and remand for an evidentiary hearing.

I.

On June 10, 1988, a Hudson County grand jury returned an indictment charging defendant with fourth-degree distribution of a controlled dangerous substance, less than one ounce of marijuana, N.J.S.A. 2C:35-5a(1) and 2C:35-5b(12) (count one); fourth-degree possession with intent to distribute a controlled dangerous substance, less than twenty-five grams of marijuana, within 1000 feet of a school, N.J.S.A. 2C:35-5a(1) and 2C:35-7 (count two); third-degree aggravated assault on a police officer, N.J.S.A. 2C:12-1b(5) (count three); and fourth-degree resisting arrest, N.J.S.A. 2C:29-2 (count four).

Defendant's plea counsel, Rolando Torres, negotiated a plea agreement whereby defendant would receive a three-year term of probation, conditioned upon him serving concurrent 180-day terms in the Hudson County Jail for two of the four charges, with the court dismissing the other two charges. Mr. Torres advised defendant to accept the agreement and assured him that if he "stayed out of trouble," he need not worry about deportation for this conviction.

A-4466-18T1

On November 3, 1988, defendant pled guilty to counts two and four of the indictment. On March 2, 1989, the court sentenced defendant to a three-year term of probation, conditioned upon him serving concurrent 180-day jail terms, consistent with plea agreement. Defendant served his sentence and did not file an appeal.

In 2011, defendant traveled to El Salvador, his birth country, upon learning of his father's death. Defendant had not been arrested since the 1988 incident. Upon his reentry to the United States, immigration authorities detained defendant and informed him that he could face deportation due to his 1989 criminal conviction. After sixty days in detention, the immigration authorities released defendant on bond.

After his release, defendant obtained work authorization and worked steadily. He has three grown children and one grandchild, all United States citizens.

In 2018, Gustavo Gutierrez, an attorney with the American Friends Service Committee (AFSC), advised defendant to petition for PCR. Accordingly, defendant filed a pro se petition for PCR on July 13, 2018. Defendant claimed his plea counsel was ineffective for failing to properly advise

A-4466-18T1

him of the immigration consequences of his plea; as a result, his plea should be vacated.

On February 19, 2019, the PCR judge heard oral argument on defendant's PCR petition. Without addressing the merits of defendant's claims, the PCR judge denied relief, finding the petition time-barred, pursuant to Rule 3:22-12(a)(1). The PCR judge also denied defendant's motion for reconsideration on March 27, 2019.

This appeal followed, with defendant raising the following argument:

> DEFENDANT'S PCR PETITION SHOULD NOT HAVE BEEN TIME-BARRED; THEREFORE, THIS MATTER MUST BE REMANDED FOR THE PCR COURT TO ADDRESS THE MERITS OF DEFENDANT'S CLAIMS.

II.

PCR "'is New Jersey's analogue to the federal writ of habeas corpus.'" State v. Goodwin, 173 N.J. 583, 593 (2002) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). Under Rule 3:22-2, defendants are permitted to collaterally attack a conviction based upon a claim of ineffective assistance of counsel within five years of the conviction. See R. 3:22-12(a)(1); see also Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687 (quoting U.S. Const. amend. VI); Fritz, 105 N.J. at 58-59 (adopting the Strickland two-part test in New Jersey).

Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition if he or she establishes a prima facie case in support of PCR. To establish a prima facie case, a defendant must demonstrate a "reasonable likelihood of succeeding under the test set forth in Strickland." Preciose, 129 N.J. at 463. Moreover, the judge deciding a PCR claim should conduct an evidentiary hearing when "material issues of disputed fact . . . cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief." State v. Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-10(b)); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 3:22-10 (2021) (noting that a PCR evidentiary hearing is required if there is a dispute of fact regarding matters which are not on the record).

A-4466-18T1

Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found the be true enforcement of the time bar would result in a fundamental injustice." In addition, "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[as] time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" Goodwin, 173 N.J. at 594 (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52.

The State emphasizes that defendant filed his PCR petition "decades after his judgment of conviction was entered on March 22, 1989." Nevertheless, defendant contends that his delay was excusable because he was affirmatively

6

misled concerning the immigration consequences of his plea. While defendant was detained in 2011, he was released on bond within two months and thereafter received work authorization. He has worked steadily since his release and has not been arrested since his 1989 conviction. Importantly, he did not understand he received ineffective assistance of counsel that could be addressed by PCR until Mr. Gutierrez advised him in 2018.

Based on the record, we hold that defendant raised sufficient contentions to warrant an evidentiary hearing. While defendant's certification lacks specificity, the current record raises sufficient questions to warrant at least a limited evidentiary hearing. In a supporting certification, defendant explained that he "first heard of . . . PCR" in early 2018, when Mr. Gutierrez started representing him. He filed his petition soon thereafter, in July 2018.

If defendant acted within a reasonable time after becoming aware of the potential to address the misleading, inaccurate advice he received from plea counsel, he may be able to establish excusable neglect. The record in this case does not demonstrate that defendant was ever affirmatively told that his plea could result in his removal, apart from the reference in the plea form on question sixteen. The form at that time, however, included only one short question that referenced citizenship. Since then, the plea form has been significantly

expanded. Just as importantly, there is nothing in the current record to reflect that defendant himself actually focused on and answered question sixteen as opposed to his plea counsel filling that form out with him.

Our Supreme Court has addressed the standard of performance an attorney owes a client whose conviction may affect his or her immigration status. State v. Gaitan, 209 N.J. 339, 373-74 (2012). In 2009, the Court held that a defendant can show ineffective assistance of counsel by proving that his guilty plea resulted from "inaccurate information from counsel concerning the deportation consequences of his plea." State v. Nuñez-Valdéz, 200 N.J. 129, 143 (2009). In 2010, the United States Supreme Court held that counsel's duties include not only avoiding "false or misleading information," but also the affirmative duty to inform a defendant entering a guilty plea with respect to the relevant mandatory deportation law if it is "succinct, clear, and explicit." Padilla v. Kentucky, 559 U.S. 356, 368 (2010).

The Padilla Court held that counsel's "failure to advise a noncitizen client that a guilty plea will lead to mandatory deportation deprives the client of the effective assistance of counsel guaranteed by the Sixth Amendment." State v. Barros, 425 N.J. Super. 329, 331 (App. Div. 2012) (citing Padilla, 559 U.S. at 369). However, because Padilla "announced a new rule" and is therefore "not

entitled to retroactive effect," for convictions entered before the decision in Padilla, "Nuñez-Valdéz still governs the standard of attorney performance in New Jersey in ineffective assistance of counsel claims on collateral review." State v. Santos, 210 N.J. 129, 143 (2012) (citing Gaitan, 209 N.J. 339, 373-74 (2012)). Thus, our focus on this review is whether counsel provided affirmative misadvise regarding the immigration consequences of a guilty plea. Ibid.

Applying these principles, we are persuaded that defendant established a prima facie case that plea counsel provided ineffective assistance by misinforming him about potential deportation. Defendant certified that counsel affirmatively advised him that "as long as [he] 'stayed out of trouble,' [he] would not have to worry about being deported for this conviction." We are satisfied defendant established a prima facie case that counsel "provided misleading or false information about immigration consequences." Nuñez-Valdéz, 200 N.J. at 142. Defendant's response to question sixteen of the plea form, indicating that he understood that he "may be deported" because of his guilty plea, is consistent with a fair reading of defendant's certification that he believed, due to counsel's misadvise, he would not be deported if he "stayed out of trouble." Furthermore, the record does not reflect that counsel or the court ever affirmatively told defendant about potential deportation consequences apart from question sixteen.

Moreover, there is sufficient evidence in the record to establish a prima facie case of prejudice, that is, but for the alleged ineffective assistance of counsel, defendant "would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1995). Specifically, defendant certified that "[i]f [he] had known that this conviction would make [him] deportable, [he] would not have accepted the plea agreement, but would have taken [his] chances at trial." Defendant certified that he did not attempt to sell any marijuana nor did he fight the police officers. Thus, the potential consequences of conviction after trial were not so severe as to render implausible defendant's claim that he would have rejected the plea offer. Nuñez-Valdéz, 200 N.J. at 142-43.

We are not suggesting that a PCR court should engage in or entertain speculations that are not supported by the record before it. Nor are we condoning a PCR petition supported by a vague certification. Nevertheless, we remain mindful that the PCR petition represents defendant's last opportunity to address a potential "fundamental-injustice claim[.]" See State v. Nash, 212 N.J. 518, 540, 547 (2013).

We also reject the State's reliance on this court's holding in State v. Brewster, 429 N.J. Super. 387 (App. Div. 2013). In Brewster, the defendant,

seeking to avoid removal, filed a PCR petition twelve years after his conviction. Id. at 390. At the time of his plea, the defendant was aware of the possible immigration consequences of a conviction and answered "yes" to question seventeen on the plea form. Id. 391. Three years before he filed his PCR petition, defendant consulted an immigration attorney, who advised that the conviction "could be a problem." Id. at 399-400. Under those facts, we declined the invitation to relax the time-bar imposed by Rule 3:22-12.

Defendant's case is distinguishable from the facts in Brewster. Unlike the defendant in Brewster, the record does not reflect that defendant was expressly informed about the potential immigration consequences of his guilty plea during his plea colloquy. Moreover, because there has been no evidentiary hearing, the State has not presented any evidence of possible prejudice caused by the passage of time. In short, the current record warrants an evidentiary hearing to develop these issues. By ordering a plenary hearing, we are not expressing any view as to the outcome of the proceeding.

Reversed and remanded for an evidentiary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-4466-18T1